**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Noe MONDRAGON–JIMENEZ, also known as Noe Jiminez Mondragon, also known as Noe Jimenez Mondragon, also known as Noe Mondragon, Defendant–Appellant.**

No. 06–20067
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Noe Mondragon–Jimenez (Mondragon) appeals the sentence imposed following his guilty-plea conviction for being unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326. Mondragon argues for the first time on appeal that the district court misapplied the Sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tencing Guidelines by characterizing his state felony convictions for possession of a controlled substance as aggravated felonies for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Mondragon's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Mondragon argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

For the first time on appeal, Mondragon also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that Mondragon lacks standing to bring a facial challenge to the constitutionality of § 1326(b).

Because Mondragon may be entitled to a lesser sentence if his constitutional challenge were successful, he has standing. *See Henderson v. Stalder,* 287 F.3d 374, 380 (5th Cir.2002). Mondragon cannot succeed on his constitutional challenge, however, because his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Mondragon contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Mondragon properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and

circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.